UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BRIAN L. PARRIOT, et al.,<br><br>　　　　Defendants. | 1:19-cv-00286-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS FOR THIS CASE TO PROCEED WITH FIRST AMENDED COMPLAINT AGAINST DEFENDANTS A. CANTU, W. GUTIERREZ, AND J. MATTINGLY FOR USE OF EXCESSIVE FORCE, AND DISMISSING ALL OTHER CLAIMS AND DEFENDANTS**<br>**(ECF No. 22.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.　BACKGROUND**

　　Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 14, 2019, in the Sacramento Division of the United States District Court for the Eastern District of California.  (ECF No. 1.)  On March 4, 2019, the case was transferred to this court.  (ECF No. 3.)

　　On August 13, 2020, the court screened the Complaint and issued an order requiring Plaintiff to either file an amended complaint or notify the court that he is willing to proceed only with the claims found cognizable by the court.  (ECF No. 21.)  On September 10, 2020, Plaintiff

1

filed the First Amended Complaint, which is now before the court for screening. 28 U.S.C. § 1915. (ECF No. 22.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison, in Corcoran, California. The events at issue in the First Amended Complaint allegedly took place at the California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as

defendants Lieutenant (Lt.) Brian L. Parriot, Kern County Board of Supervisors, Lisa S. Green (Kern County D.A.), John Doe (Secretary, CDCR), Kim Holland (Warden, CCI), L. Gordon Isen (Deputy D.A., Kern County), Sergeant (Sgt.) Andres Cantu, Correctional Officer (C/O) Wilfredo Gutierrez, J. Gutierrez (Associate Warden), C/O James Mattingly, C/O Richard Cuellar, Patrick Matzen (Associate Warden), Lt. David Crounse (Hearing Officer), Lt. T. Kephart, C/O J. Davis, C/O Jon Reimers, and Sgt. R. Cole (collectively, "Defendants").

A summary of Plaintiff's allegations follows:

On February 25, 2015, a disciplinary hearing was held against Plaintiff officiated by Defendant Lt. Crounse. Lt. Crounse failed to allow Plaintiff to be heard and found Plaintiff guilty with no supporting evidence of assaulting Defendant Cantu at CCI on February 4, 2015.

Upon conclusion of the disciplinary hearing, Plaintiff was escorted back to his cell by Defendants Sgt. Andres Cantu, C/O Wilfredo Gutierrez, and C/O James Mattingly. The escort was monitored by Defendants Lt. Parriot, Sgt. Cole, and C/O Cuellar. For no valid penological reason, Defendants W. Gutierrez and Mattingly abruptly threw Plaintiff to the ground face first where W. Gutierrez, Mattingly, and Cantu, along with several other unidentified correctional staff members, began to beat Plaintiff with their hands, feet, and batons. Plaintiff's injuries included lacerations, bruising, and swelling to the torso and legs, swelling of the head and face, and possibly broken ribs.

Plaintiff repeatedly asked for medical attention, first from Defendant Sgt. Cole and later from Defendant C/O Reimers, but his requests were denied although the two Defendants knew from Plaintiff and an RN that Plaintiff had been subject to illegal use of force.

Defendants Cantu, W. Gutierrez, Mattingly, Parriot, Cuellar, Kephart, Reimers, Matzen, J. Gutierrez, Davis, and Holland authored a false crime incident report against Plaintiff alleging that Plaintiff committed an aggravated battery against defendant Cantu by spitting in his face. Although Defendants Reimers, Cole, Parriot, Cuellar, Kephart, Matzen, J. Gutierrez, Davis, and Crounse had adequate evidence that Plaintiff was the subject of illegal use of force, they did not author any report against Defendants Cantu, W. Gutierrez, and Mattingly for their transgression against Plaintiff as required by law.

Plaintiff alleges that Defendants' conduct against Plaintiff is based either on a direct order by Defendant Doe (CDCR Secretary), or due to inadequate training of the Department's personnel leading to Defendant Doe's failure to address subordinates' illegal conduct against Plaintiff.  Plaintiff alleges that there is strong circumstantial evidence that Defendant Doe has approved such illegal conduct against Plaintiff by the Department's personnel out of retaliation. Plaintiff contends that Defendants D.A. Green and Deputy D.A. Isen failed to act on the knowledge of the illegal use of force against Plaintiff, and the knowledge that Defendants Holland, J. Gutierrez, Matzen, Parriot, Kephart, Crounse, Reimers, Davis, Cole, and Cuellars use the penal system to assess and impose illegal terms of confinement for Plaintiff within the CDCR.

Defendants' actions against Plaintiff are due to Plaintiff exercising his freedom of association, seeking redress for an illegal conviction against Plaintiff by the D.A. of San Diego County fourteen years ago, and filing civil actions against state law enforcement personnel for their illegal actions against him.  Defendants are conspiring to deny and violate Plaintiff's constitutional rights under the First Amendment, Fourth Amendment, Eighth Amendment, and Fourteenth Amendment.

As relief, Plaintiff seeks compensatory, nominal, and punitive damages for physical and psychological pain, expungement of the guilty finding that he committed aggravated battery against defendant Cantu, and restoration of lost credits due to the disciplinary finding.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v.

Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Rules 18(a) and 20(a) – Unrelated Claims

Plaintiff's original Complaint named five defendants and alleged that on February 25, 2015, excessive force was used against Plaintiff by defendants Sgt. Andres Cantu, C/O Wilfredo Gutierrez, and C/O J. Mattingly during an escort, in the presence of defendants Sgt. R. Cole and Lt. Brian L. Parriot. (ECF No. 1.)

In the First Amended Complaint, Plaintiff adds twelve more defendants. He also adds allegations that he was illegally convicted by the D.A. of San Diego County fourteen years ago; he was found guilty at a disciplinary hearing on February 25, 2015 by Lt. Crounse for assaulting

Sgt. Cantu on February 4, 2015; Plaintiff was not allowed to be heard at the February 25, 2015 disciplinary hearing and he was found guilty with no supporting evidence; John Doe (CDCR Secretary) retaliated against Plaintiff by ordering illegal conduct against Plaintiff, or by failing to adequately train the Department's personnel; and Kern County's D.A. Lisa Green and Deputy D.A. Isen failed to act on the knowledge of the illegal use of force against Plaintiff and the use of the penal system to assess and impose illegal terms of confinement on Plaintiff.  Plaintiff also adds the Kern County Board of Supervisors as a defendant without bringing any allegations against the Board.

Any claims arising from these new allegations added in the First Amended Complaint are unrelated to Plaintiff's claims that excessive force was used against him during an escort on February 25, 2015.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Moreover, Rule 20(a) of the Federal Rules of Civil Procedure only permits defendants to be joined in one action if claims arise from the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2).

Plaintiff was instructed in the Court's Screening Order issued on August 13, 2020, not to pursue unrelated claims in his amended complaint.  (ECF No. 21 at 9:23-24) ("Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.")  Therefore, Plaintiff's unrelated claims in the First

Amended Complaint should be dismissed for violation of Rules 18(a) and 20(a)(2) of the Federal Rules of Civil Procedure, without prejudice to filing a new case(s) for those claims.

### B. Excessive Force – Eighth Amendment

What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

The court find that Plaintiff states cognizable claims against defendants Cantu, W. Gutierrez, and Mattingly, for use of excessive force against Plaintiff in violation of the Eighth Amendment.

### C. Medical Claim – Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. Id. at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff fails to state a cognizable medical claim against any of the Defendants. Plaintiff has shown that he had a serious medical need because he had lacerations, bruising, and swelling to the torso and legs, swelling of the head and face, and possibly broken ribs from the assault against him. However, Plaintiff has not alleged facts demonstrating that Defendants Cole, Reimers, or any other named Defendant was aware that Plaintiff was at serious risk of substantial harm to his health without immediate medical assistance and yet ignored the risk or acted unreasonably, causing Plaintiff harm to his health. Plaintiff only states that he asked Defendants Sgt. Cole and C/O Reimers for medical assistance but his requests were denied, and that Defendants Cole and Reimers knew from Plaintiff and an RN that Plaintiff had been subject to illegal use of force. These allegations are not sufficient to show that Defendants Cole or Reimers, nor any other Defendant knew Plaintiff was at excessive risk of serious harm without immediate medical assistance.

Therefore, Plaintiff fails to state a medical claim against any of the Defendants.

**D.    False Report**

Plaintiff claims that Defendants Cantu, W. Gutierrez, Mattingly, Parriot, Cuellar, Kephart, Reimers, Matzen, J. Gutierrez, Davis, and Holland authored a false crime incident report against Plaintiff alleging that Plaintiff committed an aggravated battery against defendant Cantu by spitting in his face. This allegation of a false report, even if true, does not raise a constitutional claim because there is no due process right to be free from false disciplinary charges. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012).

There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff has no protected liberty interest against false information being reported against him and thus Plaintiff fails to state a claim based on the false report against him.

### E.  Restoration of Loss of Credits and Expungement of Guilty Finding

Plaintiff alleges that the disciplinary proceeding against him resulted in the forfeiture of credits, and he requests expungement of the guilty finding and restoration of lost credits due to the disciplinary finding. However, the relief requested by Plaintiff cannot be awarded in this § 1983 case.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

Plaintiff's First Amended Complaint does not contain any allegations to show that Plaintiff's finding of guilt which resulted in his forfeiture of credits has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Thus, Plaintiff is barred by Heck and Edwards from pursuing any claims under § 1983 concerning the process he was provided which resulted in the forfeiture of good time credits.

Therefore, Plaintiff's claims concerning the guilty finding against him and the loss of credits should all be dismissed from this § 1983 case, without prejudice to the filing of a petition for writ of habeas corpus.

### F. Fourth Amendment

Plaintiff indicates in the First Amended Complaint that he is bringing a claim under the Fourth Amendment. (ECF No. 22 at 8.) The Fourth Amendment guarantees the people's rights against unreasonable searches and seizures. U.S. CONST. amend. IV. Plaintiff has not alleged any facts that he was subject to an unreasonable search or seizure. Plaintiff does not have a right to be free from the search and seizure of his personal property. Hudson v. Palmer, 468 U.S. 517, 536, 104 S.Ct. 3194 (1984); Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989) ("Lawful incarceration necessarily entails limitations upon many of the rights enjoyed by ordinary citizens. Hudson, 468 U.S. at 524, 104 S.Ct. at 3199; Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). An inmate's Fourth Amendment Rights are among the rights subject to curtailment.

Therefore, Plaintiff fails to state a claim for violation of his rights under the Fourth Amendment.

### G. Conspiracy

Plaintiff alleges that Defendants conspired against him to violate his constitutional rights. Conspiracy under § 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks omitted) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)), and that an "'actual deprivation of his constitutional rights resulted from the alleged conspiracy,'" Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting

Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) ). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). A plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Miller v. Cal. Dep't of Soc. Servs., 355 F.3d 1172, 1177 n.3 (9th Cir. 2004) (citing Woodrum, 866 F.2d at 1126). The mere statement that defendants "conspired" or acted "in retaliation" is not sufficient to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted)).

Plaintiff's allegations of conspiracy under § 1983 fail to state a claim because his allegations are conclusory. Plaintiff does not provide any specific facts that show that any of the Defendants had an agreement to use excessive force against him, or otherwise violate his constitutional rights. There is absolutely no indication of any agreement between any of the Defendants. Therefore, Plaintiff fails to state a claim for conspiracy.

### H. Retaliation

"Prisoners have a First Amendment right to file grievances [and lawsuits] against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that

prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Plaintiff claims that he was retaliated against for exercising his rights to freedom of association, seeking redress for his illegal conviction, and filing civil actions.  However, Plaintiff has failed to demonstrate a causal nexus between the alleged protected activity and any retaliatory acts by Defendants.  Plaintiff has not shown that any retaliatory acts were done *because* of the protected activity.  Accordingly, Plaintiff fails to state a cognizable retaliation claim.

**V.   RECOMMENDATIONS AND CONCLUSION**

For the reasons set forth above, the court finds that Plaintiff states cognizable claims in the First Amended Complaint against Defendants Sgt. Andres Cantu, C/O Wilfredo Gutierrez, and C/O James Mattingly, for use of excessive force against Plaintiff in violation of the Eighth Amendment.  However, Plaintiff fails to state any other cognizable claims against any of the Defendants upon which relief may be granted under § 1983.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Here, the court previously granted Plaintiff leave to either:  (1) proceed with the excessive force claims against Defendants Sgt. Andres Cantu, C/O Wilfredo Gutierrez, and C/O James Mattingly, or (2) file an amended complaint to cure the deficiencies in his claims, within thirty days. (ECF No. 21.)  Plaintiff was provided ample guidance by the court, and on September 10, 2020, Plaintiff filed the First Amended Complaint. (ECF No. 22.)  Plaintiff has not stated any cognizable claims in the First Amended Complaint upon which relief may be granted under § 1983 except the excessive force claims against Defendants Sgt. Andres Cantu, C/O Wilfredo Gutierrez, and C/O James Mattingly.  The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state any other cognizable claims.  "A district court may deny leave to amend when amendment would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  The

court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case proceed with Plaintiff's First Amended Complaint filed on September 10, 2020, against Defendants Sgt. Andres Cantu, C/O Wilfredo Gutierrez, and C/O James Mattingly for use of excessive force in violation of the Eighth Amendment;

2. Plaintiff's claims challenging his guilty finding at the disciplinary hearing and his loss of credits be dismissed from this § 1983 case as barred by Heck v. Humphrey and Edwards v. Balisok, without prejudice to filing a petition for writ of habeas corpus;

3. Plaintiff's unrelated claims be dismissed from this action for violation of Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure, without prejudice to filing new cases addressing those claims;

4. All other claims and defendants be dismissed from this action for failure to state a claim under § 1983;

5. Defendants Lt. Brian L. Parriot, Kern County Board of Supervisors, Lisa S. Green (Kern County D.A.), John Doe (Secretary, CDCR), Kim Holland (Warden, CCI), L. Gordon Isen (Deputy D.A., Kern County), J. Gutierrez (Associate Warden), C/O Richard Cuellar, Patrick Matzen (Associate Warden), Lt. David Crounse (Hearing Officer), Lt. T. Kephart, C/O J. Davis, C/O Jon Reimers, and Sgt. R. Cole be dismissed from this action;

6. Plaintiff's claims for inadequate medical care, Fourth Amendment violations, conspiracy, due process, false reports, and retaliation be dismissed from this action for failure to state a claim; and

7. This case be referred back to the Magistrate Judge for further proceedings, including initiation of service.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **September 21, 2020**                              **/s/ Gary S. Austin**
                                                                                                          UNITED STATES MAGISTRATE JUDGE