UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH, | **1:19-cv-00286-NONE-GSA-PC** |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S** |
| vs. | **MOTION FOR LEAVE TO AMEND THE** |
| | **COMPLAINT** |
| BRIAN L. PARRIOT, et al., | **(ECF No. 36.)** |
| Defendants. | |

## I.     BACKGROUND

Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 14, 2019, in the Sacramento Division of the United States District Court for the Eastern District of California.  (ECF No. 1.)  On March 4, 2019, the case was transferred to this court.  (ECF No. 3.)

1

On August 13, 2020, the court screened the Complaint and issued an order requiring Plaintiff to either file an amended complaint or notify the court that he is willing to proceed only with the claims found cognizable by the court.  (ECF No. 21.)  On September 10, 2020, Plaintiff filed the First Amended Complaint.  (ECF No. 22.)

The court screened the First Amended Complaint and issued findings and recommendations on September 22, 2020, recommending that this case proceed only against defendants Cantu, W. Gutierrez, and Mattingly for use of excessive force in violation of the Eighth Amendment, and that all other claims and defendants be dismissed for Plaintiff's failure to state a claim, without leave to amend.  (ECF No. 24.)

On December 10, 2020, the district judge adopted the findings and recommendations in full.  (ECF No. 27.)  Plaintiff's claims challenging his guilty finding at the disciplinary hearing and his loss of credits were dismissed from this § 1983 case as barred by the decisions in Heck v. Humphrey and Edwards v. Balisok, without prejudice to his filing of a petition for writ of habeas corpus; Plaintiff's unrelated claims were dismissed from this action for violation of Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure, without prejudice to filing new cases addressing those claims; all other claims and defendants were dismissed from this case due to Plaintiff's failure to state a claim upon which relief may be granted under § 1983, including defendants Lt. Parriot, Kern County Board of Supervisors, Lisa Green, John Doe (Secretary, CDCR), Kim Holland, L. Gordon Isen, J. Gutierrez, C/O Richard Cuellar, Patrick Matzen, Lt. David Crounse, Lt. T. Kephart, C/O J. Davis, C/O Jon Reimers, and Sgt. R. Cole; and Plaintiff's claims for inadequate medical care, Fourth Amendment violations, conspiracy, due process, false reports and retaliation were likewise dismissed from this action due to Plaintiff's failure to state a claim.  (Id.)

The First Amended Complaint was served and defendants Cantu, W. Gutierrez, and Mattingly filed an Answer on June 14, 2021.  (ECF No. 33.)  On June 15, 2021, the court issued a Discovery and Scheduling Order setting forth pretrial deadlines for the parties.  (ECF No. 35.)  This case is now in the discovery phase.

///

On July 16, 2021, Plaintiff filed a motion for leave to amend the First Amended Complaint along with a Request for Judicial Notice, and submitted a proposed Second Amended Complaint.  (ECF No. 36.)  On July 30, 2021, defendants Cantu, W. Gutierrez, and  Mattingly filed an opposition to Plaintiff's motion.  (ECF No. 37.)  The motion is now before the court. Local Rule 230(*l*).

## II.    LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff has previously amended the complaint, and Defendants have opposed Plaintiff's motion for leave to amend.  Therefore, Plaintiff requires leave of court to file an amended complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).  The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend.  Washington v. Lowe's HIW Inc., 75 F.Supp.3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).

## III.    PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison, in Corcoran, California.  The events at issue in the proposed Second Amended Complaint allegedly took place at the California

Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff names as defendants Kamala D. Harris (former Attorney General, State of California), Doe Defendant (Secretary, CDCR), Kern County Board of Supervisors, Lisa S. Green (District Attorney (D.A.), Kern County), Kim Holland (Warden, California Correctional Institution (CCI)), L. Gordon Isen (Deputy D.A., Kern County), J. Gutierrez (Associate Warden, CCI), Patrick Matzen (Associate Warden, CCI), Lieutenant (Lt.) Kephardt, Lt. Brian L. Parriot, Lt. David Crouse, Sergeant (Sgt.) R. Cole, Sgt. Andres Cantu, Correctional Officer (C/O) Wilfredo Gutierrez, C/O James Mattingly, C/O Richard Cuellar, C/O Jon Reimers, and C/O J. Davis (collectively, "Defendants").

A summary of Plaintiff's allegations, as titled by Plaintiff, follows:

**Conspiracy**

The defendants have conspired to deny me access to the courts in violation of the First Amendment.  Based on my initiating the action of <u>Smith v. Allison</u>, 1:10-cv-01814-DAD-JLT before this very court a § 1983 suit which was lodged against several state law enforcement officials for their transgressions against me while incarcerated at California Substance Abuse Treatment Facility and State Prison, transgressions which included the denial of due process rights during disciplinary proceedings and deliberate indifference to serious medical needs etc., a complaint and its contentions which later led to the actions of <u>Smith v. Chanelo</u>, 1:16-cv-01356-DAD-BAM, <u>Smith v. Knowlton</u>, 1:18-cv-0081-NONE-BAM, <u>Smith v. Weiss</u>, 1:18-cv-00852-DAD-BAM, and <u>Smith v. Gibbs</u>, 1:18-cv-00854-DAD-BAM being opened by the court on its own volition, that the defendants have offensively conspired to silence my voice before the court by denying substantive rights afforded to all under the U.S. Constitution, egregious conduct which has primarily rested on the defendants utilizing violence and denying me due process rights, the facts of which is pled below in concise paragraphs.

**Excessive Force**

In direct response to a ruling of law entered on the docket for the action of <u>Smith v. Allison, et al.</u>, 1:10-cv-01814-DAD-JLT (PC) and as a reprisal of an offensive nature based on

utilization of the Department's administrative grievance process against correctional staff, defendants Cantu, W. Gutierrez, Mattingly, Cole, and Parriot utilized illegal physical force against me on February 25, 2015 while conducting their duties as peace officers within the SHU complex at CCI.

Concisely submitted is that upon the conclusion of a disciplinary hearing held against me concerning the allegation of my having assaulted defendant Cantu on February 4, 2015 during the escort of me back to my assigned cell within housing unit #8 at CCI by defendants W. Gutierrez, Mattingly, and Cantu, an escort which was monitored by defendants Parriot, Cole, and Cuellar. Defendants W. Gutierrez and Mattingly midway through this escort of me back to my assigned cell for no viable penological reasons whatsoever threw me to the ground face first where defendants W. Gutierrez, Mattingly, and Cantu along with a few other correctional staff members who I cannot identify then began to beat me with their hands, feet, and batons, this while I lay on the ground within mechanical restraints defenseless. Based on this offensive conduct by the defendants, including defendant Cole prohibiting medical staff from properly examining me, I suffered from serious injuries.

**Denial of Due Process/Equal Protection**

In support of their offensive conduct as stated in subsection A of this complaint, defendants Cantu, W. Gutierrez, Mattingly, Cole, Parriot, and Cuellar authored a false crime/incident report against me for the allegation of my having committed an aggravated battery on defendant Cantu by spitting on his face and for the allegation of having assaulted defendant W. Gutierrez by attempting to ram him with my shoulder. Further, defendants Davis, Kephart, J. Gutierrez, Matzen, Crounse, and Reimers failed to author a report against defendants W. Gutierrez, Cantu, Mattingly for their blatant illegal use of force against me. Furthermore, defendants Holland, Matzen, and J. Gutierrez besides [illegible] through misconduct the false charge of my having committed an aggravated battery on defendant Cantu said defendants along with defendant Crounse sustained the charge of my having committed an aggravated battery on defendant Cantu during a Department tribunal held for this allegation by denying me the right to be heard during the adjudication of this charge against me based on this finding of guilt to which

Department officials in Sacramento adopted in full and imposed a determinate SHU term for me to serve.

### Failures to Act/Deliberate Indifference

The conduct of the defendants as cited in subsections A and B above are offensive actions which were authorized to be committed against me by defendant Doe based on my initiating civil actions against the Department's personnel before this very court.  Such a contention warrants review before the court, based on strong circumstantial evidence and defendant Doe's repeated failures to act, this despite being provided with sufficient notice prior to or and after the date of February 25, 2015 of the abuses of process repeatedly being utilized against me by the Department's personnel that he was charged with leading, notification which was provided to defendant Doe through the Department's litigation coordinator and through the Department's administrative grievance process, as defendant Doe was the ultimate authority in adjudicating all appeals submitted by inmates to the Department's administrative grievance system and more, the Department's disciplinary system itself was defendant Doe's sole domain as well.

Upon notification of the defendants transgressions against me as cited in subsections A and B above, notifications that were provided to defendants Green and Isen through administrative channels between CDCR and the Kern County District Attorney's office and by myself personally on several occasions, defendants Green and Isen failed to act, choosing instead not only to enforce a code of silence on behalf of the above named defendants but defendants Green and Isen further went and initiated malicious prosecutions against me for my complaints, conduct by defendants Green and Isen which has made defendant Harris liable in this action for at least the failure to train subordinates under her direction.

Additionally, based on defendants Green and Isen's conduct, the municipality of Kern County is liable for suit in this action as well primarily for enforcing a code of silence, negligence, deliberate indifference, and failures to train its county officers based on all of the aforementioned facts cited above.

///

///

Plaintiff seeks monetary damages, including punitive damages and injunctive relief. Plaintiff seeks to have the disciplinary charge cleared from his correctional file and restoration of credits lost due to the disciplinary charge.

## IV.    DEFENDANTS' OPPOSITION TO MOTION TO AMEND

Defendants maintain that Plaintiff's filing of a motion to amend continues a long history of abusive and bad faith tactics in this Court which have resulted in the dismissal of multiple other cases filed by Plaintiff.  Defendants argue that Plaintiff again seeks to add unrelated allegations, unrelated Defendants, and Defendants that have already been dismissed by the court. In addition, Defendants argue that Plaintiff's motion should be denied on the basis that (1) Plaintiff's request to amend was made in bad faith, (2) Plaintiff unduly delayed requesting the amendment, (3) amendment would cause prejudice to Defendants, (4) amendment would be futile, and (5) Plaintiff has already had the opportunity to amend in this action.

Defendants make reference to five prior cases filed by Plaintiff which were dismissed for failure to state a claim and for bad behavior such as attempting to amend his complaint to add unrelated or previously dismissed defendants, engaging in harassing sexual comments to the female Deputy Attorney General and the Magistrate Judge, and refusing to attend his deposition.

## V.    DISCUSSION

Plaintiff's proposed Second Amended Complaint suffers from serious deficiencies.

**A.    First,** Plaintiff's proposed Second Amended Complaint violates Rule 8(a) of the Federal Rules of Civil Procedure.

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.  Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002).  Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief.  <u>Iqbal</u>, 556 U.S. at 678-679; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Id.</u>

The federal rules contemplate brevity.  <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Rule 8 requires Plaintiff to set forth his claims in short and plain terms, simply, concisely and directly. <u>See</u> <u>Swierkiewicz</u>, 534 U.S. at 514 ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The Court (and defendant) should be able to read and understand Plaintiff's pleading within minutes. <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179–80 (9th Cir. 1996).

Plaintiff's proposed Second Amended Complaint, Request for Judicial Notice and exhibits are 678 pages long, which is clearly in violation of Rule 8.

**B.**      **Second,** Plaintiff may not reinstate claims or defendants in the proposed Second Amended Complaint that were dismissed from the First Amended Complaint**.**

On September 22, 2020, the Court dismissed all of Plaintiff's claims and defendants except his excessive force claim against defendants Cantu, W. Gutierrez, and Mattingly.  (ECF No. 27.)  Plaintiff attempts to reinstate claims and defendants in the proposed Second Amended Complaint that were previously dismissed.  Plaintiff attempts to reinstate his claims for conspiracy, violation of due process, claims challenging his guilty finding at the disciplinary hearing, inadequate medical care, false reports, and retaliation.  He also attempts to reinstate defendants Lieutenant (Lt.) Brian L. Parriot, Kern County Board of Supervisors, Lisa S. Green (Kern County D.A.), John Doe (Secretary, CDCR), Kim Holland (Warden, CCI), L. Gordon Isen

(Deputy D.A., Kern County), J. Gutierrez (Associate Warden), C/O Richard Cuellar, Patrick Matzen (Associate Warden), Lt. David Crounse (Hearing Officer), Lt. T. Kephart, C/O J. Davis, C/O Jon Reimers, and Sgt. R. Cole. All of these claims and defendants were dismissed from the First Amended Complaint by the court on December 10, 2020, without leave to amend.

      **C.**    **Third,** Plaintiff's state law claims for negligence, failure to train, assault, and battery are subject to dismissal because Plaintiff has not alleged compliance with California's Victim Compensation and Government Claims Board. Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); ); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has not done so. Therefore, it would be futile to add these claims in a Second Amended Complaint.

      **D.**    **Finally,** Plaintiff fails to state an excessive force against defendants Parriot, Cole, and Cuellar in the proposed Second Amended Complaint.

      In the First Amended Complaint Plaintiff alleged that on February 25, 2015, he was being escorted by defendants Cantu, W. Gutierrez, and Mattingly and monitored by defendants Parriot, Cole, and Cuellar when defendants W. Gutierrez and Mattingly "abruptly threw [Plaintiff] to the ground face first where W. Gutierrez, Mattingly, and Cantu, along with several other Correctional staff members whom I cannot identify then began to beat Plaintiff with their hands, feet, and batons." (ECF No. 22 at 5.) There are no allegations in the First Amended Complaint that defendants Parriot, Cole, or Cuellar used any force against Plaintiff.

      In the proposed Second Amended Complaint Plaintiff alleges that defendants Cole and Parriot "utilized illegal physical force" against Plaintiff on February 25, 2015 "while conducting their duties as Peace Officers within the SHU Complex at CCI." (ECF No. 36 at 21 ¶ 3.) This new allegation of physical force by defendants Cole and Parriot is too conclusory to state a claim. It is not sufficient to merely allege that physical force was used. To state a claim Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

9

its face.'" <u>Iqbal</u>, 556 U.S. at 678. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Id.</u> at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." <u>Id.</u> (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." <u>Id.</u>

It would be futile to allow this claim to go forward as alleged because it would be subject to dismissal.

## VI.     CONCLUSION AND ORDER

Based on the foregoing, the court finds it would be futile for Plaintiff to file the proposed Second Amended Complaint he submitted to the court. It would be futile to allow Plaintiff to reinstate claims and defendants that were dismissed from the First Amended Complaint by the court on December 10, 2020. Plaintiff's allegations in the proposed Second Amended Complaint concerning these claims and defendants are nearly identical to those which the court dismissed from the First Amended Complaint.[1]

The fact that Plaintiff has already amended his Complaint [with ample guidance from the court] also weighs against granting leave to amend. <u>See</u> <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004) (holding that, in considering whether to grant leave to amend, courts should consider whether the plaintiff has previously amended the complaint); <u>see</u> <u>also</u> <u>City of Los Angeles v. San Pedro Boat Works</u>, 635 F.3d 440, 454 (9th Cir. 2011) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (quotation omitted).

///

---

[1] The court notes that Plaintiff did not file any objections to the court's recommendations to dismiss those claims and defendants.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's motion for leave to amend, filed on July 16, 2021, is denied; and

2.      In light of this ruling, Plaintiff's request for judicial notice is also denied.

IT IS SO ORDERED.

Dated:    **August 13, 2021**             **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

11