UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH, | **1:19-cv-00286-NONE-GSA-PC** |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| vs. | **(ECF No. 36.)** |
| BRIAN L. PARRIOT, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 14, 2019, in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) On March 4, 2019, the case was transferred to this court. (ECF No. 3.)

On September 10, 2020, Plaintiff filed the First Amended Complaint. (ECF No. 22.) On January 19, 2021, the court found the First Amended Complaint appropriate for service and directed e-service on defendants Andres Cantu, Wilfredo Gutierrez, and J. Mattingly ("Defendants"). (ECF No. 28.) On June 14, 2021, Defendants filed an answer to the First Amended Complaint. (ECF No. 33.) On June 15, 2021, discovery was opened. (ECF No. 35.) This case is now in the discovery phase.

On July 16, 2021, Plaintiff filed a motion to amend the complaint. (ECF No. 36.) On July 30, 2021, Defendants filed an opposition to the motion. (ECF No. 37.) On August 12, 2021, Plaintiff filed a motion for extension of time to file a reply to Defendants' opposition. (ECF No. 39.) On August 16, 2021, the court issued an order denying Plaintiff's motion to file a Second Amended Complaint. (ECF No. 40.) Also on August 16, 2021, the court granted Plaintiff's motion for extension of time. (ECF No. 41.)

On August 31, 2021, Plaintiff filed a reply to Defendants' opposition to the motion to amend. (ECF No. 44.) Given that on August 16, 2021, the court issued an order denying Plaintiff's motion to amend the court shall treat Plaintiff's reply as a motion for reconsideration of the court's order.

**II.     MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks

and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### III.    DISCUSSION

Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the Court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

### IV.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on August 31, 2021, is DENIED.

IT IS SO ORDERED.

Dated:    **September 1, 2021**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE