UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>    Plaintiff,<br><br>    vs.<br><br>PARRIOT, et al.,<br><br>    Defendants. | 1:19-cv-00286-NONE-GSA-PC<br><br>**ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER**<br>**(ECF No. 49.)**<br><br>**ORDER IMPOSING STAY OF DISCOVERY, EXCEPT FOR LIMITED PURPOSE, PENDING RESOLUTION OF MOTION FOR SUMMARY JUDGMENT FILED ON SEPTEMBER 15, 2021**<br>**(ECF Nos. 38, 48.)**<br><br>**New Deadlines for All Parties**<br><br>    **Discovery Deadline:**           01/15/2022<br><br>    **Dispositive Motions Deadline:** 03/15/2022 |

**I.     BACKGROUND**

Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with the First Amended Complaint filed on September 10, 2020, against defendants Cantu, W. Gutierrez, and Mattingly ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 22.)

On June 15, 2021, the Court issued a Discovery and Scheduling Order establishing a deadline of November 15, 2021, for the parties to complete discovery, including the filing of motions to compel, and a deadline of January 15, 2022 for the filing of dispositive motions. (ECF No. 35.)

On August 11, 2021, Defendants filed an ex parte application to stay discovery, and for leave to file an early motion for summary judgment based on the Heck bar. (ECF No. 38.)

On August 19, 2021, Plaintiff filed a motion to compel production of documents. (ECF No. 42.) Defendants have not filed an opposition to the motion.

On August 25, 2021, Plaintiff filed a motion for appointment of an independent expert. (ECF No. 43.) Defendants have not filed an opposition to the motion.

On September 15, 2021, Defendants filed a motion for summary judgment based on Plaintiff's' failure to exhaust, and the analysis of whether the Heck bar applies in this case. (ECF No. 47.) Plaintiff has not filed an opposition to the motion.

On September 30, 2021, Plaintiff filed a motion to stay discovery under Rule 56, pending a ruling on his motion to compel. (ECF No. 48.) Defendants have not filed an opposition to the motion.

On October 21, 2021, Plaintiff filed a motion to modify the court's scheduling order. (ECF No. 49.) To date, Defendants have not filed an opposition to the motion.

## II. DEFENDANTS' REQUEST TO STAY DISCOVERY AND FOR LEAVE TO FILE EARLY MOTION FOR SUMMARY JUDGMENT BASED ON HECK BAR

### A. Request to Stay Discovery

The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") Rule 26(c) of the Federal Rules of Civil Procedure authorizes "any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden of expense."

Fed. R. Civ. P. 26(c).  Stays of proceeding in federal court, including stays of discovery, are committed to the discretion of the trial court.  See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

Defendants request a stay of all discovery in this action until such time as the court has ruled on Defendants' motion for summary judgment based on Plaintiff's failure to exhaust, which Defendants filed on September 15, 2021.  Defendants also request that the discovery stay apply until the court has also rendered a decision on Defendants' motion for summary judgment based on the argument that Plaintiff's § 1983 claims are barred by the favorable termination rule articulated in Heck v. Humphrey, 512 U.S. 477 (1994).  Defendants also seek a stay of discovery based on the fact that Plaintiff filed a motion to amend the First Amended Complaint, which Defendants have opposed.

Defendants support their filing of an ex parte motion as necessary, asserting that Plaintiff has propounded discovery which are overbroad and will become irrelevant and unnecessary should Defendants' motion for summary judgment be granted.  Defendants assert that if they prevail on the motion for summary judgment the case will be dismissed in its entirety.

**Discussion**

Defendants' argument for a stay of discovery based on Plaintiff's pending motion to amend the First Amended Complaint is now moot as the court denied Plaintiff's motion to amend on August 16, 2021, and denied Plaintiff's motion for reconsideration of the court's order on September 1, 2021.  (ECF Nos. 40, 45.)

The court finds good cause to impose a stay on discovery in this action for all parties, except for the limited purpose of discovery pertaining to Defendants' pending motion for summary judgment based on failure to exhaust and application of the Heck bar.  Plaintiff is granted until November 22, 2021 in which to serve discovery requests on Defendants relating only to the issues in the pending motion for summary judgment.  If previous requests to Defendants for such discovery are pending, Plaintiff should serve the requests again before the November 22, 2021 deadline.

For the issue of Plaintiff's exhaustion of remedies, Plaintiff is limited to discovery specifically related to Plaintiff's exhaustion of remedies for the February 25, 2019 excessive force incident upon which this case proceeds. Plaintiff may request discovery showing whether he filed a prison grievance following the February 25, 2019 incident, whether the grievance was appealed to the third level of review, and whether such remedies were effectively unavailable to him. Defendants are not required to produce documents, answer interrogatories, or respond to requests for admission pertaining to issues not relevant to the issues in the pending motion for summary judgment.

### B. Request for Leave to File Early Motion for Summary Judgment Based on Heck Bar

Defendants seek leave to file an early motion for summary judgment based upon Defendants' argument that Plaintiff's § 1983 claims are barred by the favorable-termination rule articulated in Heck v. Humphrey, 512 U.S. 477 (1994). Based on provisions in the court's discovery and scheduling order, Defendants assert that the Court permits the filing of an *early* Motion for Summary Judgment based on Plaintiff's failure to exhaust, but also allows the filing of a *later* Motion for Summary Judgment on substantive issues in the case. (emphasis added.) (ECF No. 35 at 3:19-25.) Defendants argue that an analysis of whether or not the Heck bar applies in a case has been considered by courts to be a threshold matter, just as with the administrative exhaustion issue. (See Saffi v. Knight, 2009 WL 4895322 at *10 (E.D. Cal. Dec. 11, 2009) ("The threshold question is whether this civil rights action is barred by Heck v. Humphrey…" (citations omitted)).

### Discussion

On September 15, 2021, Defendants filed their motion for summary judgment based on both the failure to exhaust remedies by Plaintiff and the analysis of whether or not the Heck bar applies in this case. (ECF No. 47.) In light of the filing of the motion for summary judgment, Defendants' request to bring both issues in their motion for summary judgment shall be granted *nunc pro tunc*.

///

### III. PLAINTIFF'S MOTION FOR APPOINTMENT OF AN INDEPENDENT EXPERT

**Appointment of Expert Witness**

The court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . ." Fed. R. Evid. 702. While the court has the discretion to appoint an expert and to apportion costs, including the appointment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the government, the court should exercise caution. Moreover, Rule 706 is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses, Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D.Cal. 2012), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, Faletogo v. Moya, 2013 WL 524037, *2 (S.D.Cal. 2013).

**Discussion**

Plaintiff requests appointment by the court of independent experts to advise the court on Plaintiff's mental and emotional injury, inadequate medical care, state laws such as medical malpractice and assault and battery, retaliation, false disciplinary charges, injuries, officers' prior bad acts, and more. Plaintiff requests a private investigator to assist him in gathering facts, interviewing witnesses, and retaining public records, a psychotherapist to establish the extent of

trauma suffered by Plaintiff, a physician who can explain to the court if Plaintiff received adequate medical care, and a paralegal to help Plaintiff in prosecuting claims before the court.[1]

While the court is cognizant of the challenges an IFP litigant such as Plaintiff faces in retaining an expert witness, the IFP statute itself does not grant the court the authority to appoint expert witnesses on behalf of a party. 28 U.S.C. § 1915; See also Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995). The only claims remaining in this case are Plaintiff's claims against Defendants Cantu, W. Gutierrez, and Mattingly ("Defendants") for use of excessive force in violation of the Eighth Amendment. Any claims for retaliation, inadequate medical care, or false disciplinary charges are not at issue. The court considers whether an expert witness would assist the court in understanding the evidence or to determining a fact in issue. Fed. R. Evid. 702. Here, Plaintiff's allegations are no more complex than those found in a majority of excessive force cases pending before this court. The court does not require an expert witness to determine

---

[1] Plaintiff requests the court to take judicial notice of facts and evidence pursuant to Rule of Federal Evidence 201. Under Federal Rule of Evidence 201(b) ("Rule 201"), "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Plaintiff cites law and requests the court to take judicial notice of law taken from Title II of the ADA, various federal cases, and section 504 of the Rehabilitation Act. He requests the court to take judicial notice of his doctor's gastroenterology procedure final report notes, patient discharge instructions provided by medical staff at CSP-Corcoran, a certified transcript of proceedings held in Plaintiff's case before the Kern County Superior Court, and defendants' responses to Plaintiff's requests for production of documents.

The transcript of Plaintiff's deposition testimony from a prior case in Kern County Superior Court are part of a court proceeding and can be judicially noticed as public records. U.S. v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003.) However, the court cannot discern what relevance these documents have to the issues raised by Plaintiff's motion for court appointment of an independent expert. None of other documents submitted by Plaintiff for judicial notice are matters of public record containing facts that are not subject to reasonable dispute. The facts contained in the records are not either generally known or capable of accurate and ready determination by sources whose accuracy cannot be questioned, and therefore are not subject to judicial notice. The court shall not take judicial notice of prison medical records absent a showing that the medical records were matters of public record. Therefore, Plaintiff's request for judicial notice shall be denied.

whether Defendants used excessive force. Therefore, Plaintiff's request for the appointment of expert witnesses shall be denied.

### IV. PLAINTIFF'S MOTION FOR STAY OF DISCOVERY UNDER RULE 56

Pursuant to Federal Rule of Civil Procedure 56(d)(2), if Plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts to oppose Defendants' motion for summary judgment, the Court may defer ruling on the motion to allow time for further discovery. In order to gain a continuance under Rule 56(d), Plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006); Tuvalu v. Woodford, No. CIV S-04-1724 RRB KJM P, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007).

**Discussion**

Plaintiff requests a stay of discovery until after a ruling on his motion to compel, which was filed on August 19, 2021. As discussed above in this order, the court shall stay discovery, except for limited purpose, pending the resolution of Defendants' motion for summary judgment. As a result of this ruling, Plaintiff's motion for stay is granted in part.

### V. PLAINTIFF'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER

Plaintiff requests an extension of the court's deadlines in the court's scheduling order. Pursuant to the court's Discovery and Scheduling Order issued on June 15, 2021, the current deadline for the completion of discovery is November 15, 2021, and the current deadline for the filing of dispositive motions is January 15, 2021. (ECF No. 35.)

**Motion to Modify Scheduling Order**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the

prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff requests an extension of the court's deadlines, reasoning that if Defendants' motion for summary judgment should be denied in its entirety, this case would then proceed forth on Plaintiff's Eighth Amendment claim against Defendants for use of excessive force, a claim for which the parties have not completed discovery, and the outstanding discovery would significantly affect Plaintiff's claim, possibly requiring Plaintiff to seek additional discovery from Defendants. Plaintiff argues that the filing of Defendants' motion for summary judgment has brought the case to a standstill pending the adjudication of outstanding motions before the court, an expansion of the deadlines in the Discovery and Scheduling Order is warranted.

**Discussion**

The court finds good cause to grant Plaintiff's motion and extend the discovery and dispositive motions deadlines in the court's Discovery and Scheduling order. Plaintiff has shown that even with the exercise of due diligence he cannot meet the requirements of the order. Therefore, Plaintiff's motion to modify the Scheduling Order shall be granted. The new deadline for completion of discovery shall be January 15, 2022, and the new deadline for the filing of dispositive motions shall be March 15, 2022, for all parties.

## VI. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' request to stay discovery, filed on August 11, 2021, is granted in part;
2. Plaintiff's request to stay discovery, filed on September 30, 2021, is granted in part;
3. Discovery is stayed, except for the limited purpose of discovery related to Plaintiff's exhaustion of remedies and the analysis of whether or not the Heck bar applies in this case, pending the resolution of Defendants' motion for summary judgment filed on September 15, 2021;

///

4. Defendants' request for leave to file an early motion for summary judgment based on the Heck bar, filed on August 11, 2021, is granted *nunc pro tunc*;

5. Plaintiff's motion to compel production of documents, filed on August 12, 2021, is stayed pending the resolution of Defendants' motion for summary judgment filed on September 15, 2021;

6. Plaintiff's motion for appointment of an independent expert, filed on August 25, 2021, is denied;

7. Plaintiff's motion to stay discovery, filed on September 30, 2021, is granted in part;

8. Plaintiff's motion to modify the court's scheduling order, filed on October 21, 2021is granted;

9. The new deadline for completion of discovery, including motions to compel, is January 15, 2022;

10. The new deadline for filing dispositive motions is March 15, 2022; and

11. All other provisions of the Discovery and Scheduling Order filed on June 15, 2021, remain the same.

IT IS SO ORDERED.

Dated:   **November 8, 2021**              **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE