UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>                    Plaintiff,<br><br>       vs.<br><br>PARRIOT, et al.,<br><br>                    Defendants. | 1:19-cv-00286-JLT-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER TO EXTEND THE DISCOVERY DEADLINE**<br>**(ECF No. 53.)** |

**I.    BACKGROUND**

Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with the First Amended Complaint filed on September 10, 2020, against defendants Cantu, W. Gutierrez, and Mattingly ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 22.) On September 15, 2021, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies and

also pursuant to Heck v. Humphrey.[1] (ECF No. 47.) Plaintiff has not filed an opposition to the motion for summary judgment.

On November 8, 2021, the court issued an order imposing a stay of discovery, except for discovery pertaining to the issues raised in Defendants' motion for summary judgment pending resolution of the motion for summary judgment. (ECF No. 51.) Plaintiff was granted until November 22, 2021, to serve discovery requests related to the issues in the motion for summary judgment. (ECF No. 51 at 3:23-27.) The discovery deadline was extended to January 15, 2022, and Plaintiff was ordered to file his opposition to the motion for summary judgment on or before January 15, 2022.

On January 3, 2022, Plaintiff filed a motion to modify the Discovery and Scheduling Order to extend the discovery deadline for ninety days until March 27, 2022. (ECF No. 53.)

## II.     LEGAL STANDARDS

### A.     Rule 56

Pursuant to Federal Rule of Civil Procedure 56(d)(2), if Plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts to oppose Defendants' motion for summary judgment, the Court may defer ruling on the motion to allow time for further discovery. In order to gain a continuance under Rule 56(d), Plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006); Tuvalu v. Woodford, No. CIV S-04-1724 RRB KJM P, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007).

### B.     Modification of Scheduling Order

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due

---

[1] Heck v. Humphrey, 512 U.S. 477 (1994).

diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

### III.     PLAINTIFF'S MOTION

Plaintiff requests an extension of the discovery deadline because "defendants have once again unlawfully objected to requested discovery, discovery which is essential in my establishing the point that the Department's administrative grievance process was unavailable to me back in 2015 just as it is now."  (ECF No. 53 at 3:14-16.)

Plaintiff also cites the following reasons he seeks additional time for discovery:

1. Before the Federal Courts of this state I currently have the following documents needed to be lodged:
   - Traverse – Smith v. Clark 1:21-cv-01346-NONE-EPG-HC;
   - Objections to F&R – Smith v. Clark 1:21-cv-01589-NONE-EPG-HC;
   - Objections to order to show cause -- Smith v. Clark 1:21-cv-01554-NONE-EPG-HC;
   - Reply brief – Smith v. Gibbs, et al. 9th Cir. Case no. 21-16080.
2. I need to prepare for a preliminary hearing to be held before the Kings County Superior Court on January 19th, 2022 in the action People v. Smith, case no. 21-cv-4366, preparation which would include my moving for sanctions being imposed against the People for discovery violations as I appear in pro per before said court.
3. These obligations make my filing of an objection to the defendants' motion for Rule 56 relief on or before January 15, 2022 impractical, since I do not have the records necessary to support my contentions.

(ECF No. 53 at 3-4.)

Plaintiff has submitted a declaration to show why the discovery in question is necessary to successfully defend against Defendants' motion for summary judgment.  (ECF No. 53 at 3:18-

3

20, 5.) Plaintiff discusses assaults against him during his incarceration in 2013, 2014, 2015, and 2016, arguing that correctional staff falsely claimed he committed assaultive action necessitating their use of force. (Id. at 5 ¶ 2 – 6 ¶¶ 8, 10.)   Attached to the declaration is a copy of Plaintiff's November 18, 2021 request for production of documents directed to Defendants. (Id. at 12, Exh. A.)  Also attached is documentation of several prison appeals filed by Plaintiff, Rules Violation Reports, crime/incident reports, and medical records.

**IV.    DISCUSSION**

Plaintiff's motion to extend discovery fails to provide information required under Rule 56 or Rule 60.  Plaintiff has not identified specific facts pertaining to the issues raised in the motion for summary judgment that further discovery would reveal, nor has he explained why those facts would preclude summary judgment.  In fact, Plaintiff has not shown that any of the assaults, Rules Violation Reports, crime/incident reports, or medical records referred to in Plaintiff's motion pertain to an excessive force incident on February 25, 2015, the date of the excessive force incident at issue in this case.

Plaintiff has submitted a copy of his November 18, 2021, request for production of documents arguing that Defendants failed to provide adequate responses to his requests.  (Id. at 11, Exh. A.)  However, Plaintiff has not provided copies of Defendants' responses for the court's review.  Without seeing the responses the court cannot determine if Defendants failed to adequately respond, or whether Plaintiff is entitled to more discovery for that reason.

Plaintiff made only one request in his November 18, 2021 request for production of documents concerning the issues raised in the pending motion for summary judgment, specifically when he requested documentation of grievances he filed from March 13, 2013 through September 2. 2015.  (Id.)   It appears from the record that Defendants provided documentation of those grievances to Plaintiff in their motion for summary judgment. (ECF No. 47-4 at 6-7.)  The court finds therefore that Plaintiff  has not demonstrated diligence in his efforts to complete discovery by the January 3, 2022 deadline, or to meet the January 15, 2022 deadline to oppose Defendants' motion for summary judgment.  Therefore, Plaintiff's motion to extend the discovery deadline shall be denied.

## V. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion to extend the discovery deadline, filed on January 3, 2022, is denied.

IT IS SO ORDERED.

    Dated:   **January 10, 2022**                    /s/ Gary S. Austin
                                                                     UNITED STATES MAGISTRATE JUDGE