UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH, | **1:19-cv-00286-JLT-GSA-PC** |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED, WITHOUT PREJUDICE TO FILING A PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| PARRIOT, et al., | **(ECF No. 47.)** |
| Defendants. | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

I.    **BACKGROUND**

Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds with the First Amended Complaint filed on September 10, 2020, against defendants Cantu,[1] W. Gutierrez, and Mattingly ("Defendants") for use of excessive force in violation of the Eighth Amendment.  (ECF No. 22.)

---

[1] Sued as Canto.

1

On September 15, 2021, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies and pursuant to <u>Heck v. Humphrey</u>.[2] (ECF No. 47.)

On November 8, 2021, the court issued an order imposing a stay of discovery, except for discovery pertaining to the issues raised in Defendants' motion for summary judgment, pending resolution of the motion for summary judgment. (ECF No. 51.)  Plaintiff was granted until November 22, 2021, to serve discovery requests related to the issues in the motion for summary judgment. (ECF No. 51 at 3:23-27.)  The discovery deadline was extended to January 15, 2022, and  Plaintiff was ordered to file his opposition to the motion for summary judgment on or before January 15, 2022.  On January 21, 2022, Plaintiff filed an opposition.  (ECF No. 56.)  Defendants have not filed a reply to the opposition.

Defendants' motion for summary judgment has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*), and for the reasons that follow, the court finds that Defendants' motion for summary judgment should be granted.

## II.   PLAINTIFF'S ALLEGATIONS IN THE FIRST AMENDED COMPLAINT RELEVANT TO THIS MOTION FOR SUMMARY JUDGMENT

Plaintiff is presently incarcerated at Corcoran State Prison, in Corcoran, California.  The events at issue in the First Amended Complaint allegedly took place at the California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR).

After screening of the First Amended Complaint by the court, this case now proceeds only against defendants Sergeant Andres Cantu, Correctional Officer (C/O) Wilfredo Gutierrez, and C/O James Mattingly for use of excessive force in violation of the Eighth Amendment.  On December 10, 2020, the court dismissed all other claims and defendants from this case based on Plaintiff's failure to state a claim.  (ECF No. 27.)  A summary of Plaintiff's relevant allegations follows:

---

[2] <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

On February 25, 2015, a disciplinary hearing was held against Plaintiff, and Plaintiff was found guilty with no supporting evidence of assaulting Defendant Cantu at CCI on February 4, 2015.

Upon conclusion of the disciplinary hearing, Plaintiff was escorted back to his cell by Defendants Cantu, W. Gutierrez, and Mattingly.  The escort was monitored by non-defendants Lt. Parriot, Sgt. Cole, and C/O Cuellar.  For no valid penological reason, Defendants W. Gutierrez and Mattingly abruptly threw Plaintiff to the ground face first where W. Gutierrez, Mattingly, and Cantu, along with several other unidentified correctional staff members, began to beat Plaintiff with their hands, feet, and batons.  Plaintiff's injuries included lacerations, bruising, and swelling to the torso and legs, swelling of the head and face, and possibly broken ribs.

Defendants Cantu, W. Gutierrez, and Mattingly, and other non-defendant prison officials authored a false crime incident report against Plaintiff alleging that Plaintiff committed an aggravated battery against defendant Cantu by spitting in his face.  Although they had adequate evidence that Plaintiff was the subject of illegal use of force, they did not author any report against Defendants Cantu, W. Gutierrez, and Mattingly for their transgression against Plaintiff as required by law.

As relief, Plaintiff seeks compensatory, nominal, and punitive damages for physical and psychological pain, expungement of the guilty finding that he committed aggravated battery against defendant Cantu, and restoration of lost credits due to the disciplinary finding.

## III.    DEFENDANTS' UNDISPUTED FACTS

In accordance with Local Rule 260(a), Defendants Cantu, W. Gutierrez, and Mattingly submitted the following Statement of Undisputed Facts pertinent to the failure to exhaust issue, with references to the supporting evidence.  (ECF No. 47-3.)[3]

///

---

[3] These facts are taken from Defendants' Statement of Uncontroverted Facts, ECF No. 47-3.  The court has considered all declarations and exhibits submitted in support of each statement. Plaintiff failed to properly address Defendants' statement of undisputed facts.  Local Rule 260(b). Accordingly, the court may consider Defendants' assertions of fact as undisputed for purposes of this motion.  Id; Fed. R. Civ. P. 56(e)(2).

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. Plaintiff is a California State Prison inmate. At all relevant times alleged in the Complaint, Plaintiff was housed at the California Correctional Institution ("CCI") in Tehachapi, California. | ECF No. 1 & 22. |
| 2. On February 14, 2019, Plaintiff filed a Complaint brought under 42 U.S.C. § 1983 alleging several claims against five Defendants. | ECF No. 1. |
| 3. On August 13, 2020, the Court issued a Screening Order, pursuant to 28 U.S.C. § 1915A, finding that Plaintiff only stated a claim for excessive force against Defendants Cantu, Gutierrez, and Mattingly. The Court ordered Plaintiff to either file a First Amended Complaint or file a notice with the Court that he intended to proceed on the claims found cognizable by the Court. | ECF No. 21. |
| 4. Plaintiff filed a First Amended Complaint on September 10, 2020 naming seventeen (17) Defendants. The Court issued Findings and Recommendations and a subsequent Order ordering the action to proceed only against Defendants Cantu, Mattingly, and Gutierrez on the excessive force claim for an incident that allegedly occurred on February 25, 2015. | ECF Nos. 22, 24 & 27. |

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 5. At the time of the matters at issue in the Complaint, CDCR had a comprehensive administrative appeals system for prisoners' complaints, described in the California Code of Regulations (CCR), Title 15, section 3084, et seq.1 CCR, Title 15, section 3084.1(a) provides that any inmate may appeal any departmental decision, action, condition, or policy which they can demonstrate as having a material effect upon their welfare. | Declaration of J. Stone ("Stone Dec.) at ¶¶ 3-9; Declaration of H. Moseley ("Moseley Dec.") at ¶ 4; Cal Code Regs., tit. 15, sections 3084.1(a) – 3084.7. |
| 6. Under Title 15 of the California Code of Regulations, an inmate had 30 calendar days to submit an appeal from the occurrence of the event or decision being appealed, or upon first knowledge of the action or decision being appealed. | Cal. Code Regs., tit. 15, § 3084.8(b); Stone Dec. at ¶ 9 |
| 7. To comply with regulations, an inmate was required to "list all staff member(s) involved and [to] describe their involvement in the issue." | Cal. Code Regs., tit. 15, § 3084.2(a)(3); Stone Dec. at ¶ 8. |
| 8. To exhaust the administrative appeal process, the inmate was required to complete his appeal through the Third Level of review. | Cal. Code Regs., tit. 15, § 3084.7; Stone Dec. at ¶ 6. |

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 9. If an inmate submitted an appeal that was untimely, lacked critical information, or otherwise did not comply with the regulations governing the appeal process, the appeal could be cancelled or rejected, meaning it is not accepted for review. The cancellation or rejection of an appeal at any level did not exhaust the appeal process. | Cal. Code Regs., tit. 15, § 3084.1(b) (2015) (describing that all appeals are subject to a third level review before administrative remedies are deemed exhausted, and a cancellation or rejection decision does not exhaust administrative remedies); Stone Dec. at ¶ 9; Moseley Dec. at ¶ 4; see also Cal. Code Regs., tit. 15, § 3084.6(a)-(f) (describing rejection, cancellation, and withdrawal criteria). |
| 10. Plaintiff has submitted, and exhausted, at least sixteen (16) appeals through the Third Level of Appeal during the time that he has been incarcerated with CDCR. Plaintiff has also submitted a number of appeals through the Third Level that were screened out. | Moseley Dec. at ¶ 6 and Ex. 1. |

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 11. Plaintiff submitted an institutional grievance that was received by CCI's appeal office on or about May 18, 2015. The grievance was assigned Grievance Log No. CCI-15-01041 and included a challenge to the guilty finding on a Rules Violation Report ("RVR") Plaintiff received for assaulting Defendant Cantu during an incident that occurred on February 4, 2015. Plaintiff claimed that Defendant Cantu lied at the hearing when he claimed that Plaintiff attempted to assault Defendant Cantu. In addition, Plaintiff alleged that video footage existed which would exonerate Plaintiff but that Plaintiff was denied that evidence at the hearing. Finally, Plaintiff alleged that Plaintiff made no aggressive moves toward Defendant Cantu on February 4, 2015 that would justify Defendant's assault of Plaintiff and that Plaintiff was assaulted for no reason other than Defendant Cantu being upset with Plaintiff for confiscating a shaving razor during assigned shower time. Plaintiff also requested that the start date for the loss of privileges imposed as a result of being found guilty of the RVR be corrected to reflect a start date of February 25, 2015. | Stone Dec. at ¶ 12(a) and Exs. 1 & 2; Moseley Dec. at ¶ 8 and Ex. 2. |

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 12. Grievance Log No. CCI-15-01041 did not reference Defendants Gutierrez or Mattingly at all. | Stone Dec. at ¶ 12(a) and Ex. 2; Moseley Dec. at ¶ 8 and Ex. 2. |
| 13. Grievance Log No. CCI-15-01041 did not include any allegations that anyone used excessive force on Plaintiff on February 25, 2015, or reference any force incident from February 25, 2015 at all. | Stone Dec. at ¶ 12(a) and Ex. 2; Moseley Dec. at ¶ 8 and Ex. 2. |
| 14. The Second Level of Review issued a response to Plaintiff's Grievance Log No. CCI-15-01041 on June 24, 2015, notifying Plaintiff that his grievance was granted in part and denied in part. | Stone Dec. at ¶ 12(a) and Ex. 2; Moseley Dec. at ¶ 8 and Ex. 2. |
| 15. Plaintiff appealed Grievance Log No. CCI-15-01041 to the Office of Appeals ("OOA") on or about July 8, 2015. The appeal was assigned Log No. 1500225 and was denied by the OOA on September 11, 2015. | Moseley Dec. at ¶ 8 at Ex. 2. |

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 16. Plaintiff submitted an institutional grievance that was received by CCI's appeals office on or about July 27, 2015. The grievance was assigned Grievance Log No. CCI-15-01573 and included allegations by Plaintiff that a Correctional Officer issued a misleading RVR to Plaintiff on April 16, 2015, which claimed that the Correctional Officer found "kites" in Plaintiff's cell when in fact they were scraps of paper that had names and addresses of family members and religious organizations written on them. The Correctional Officer who issued Plaintiff the rules violation report was not Defendant Cantu, Mattingly or Gutierrez. | Stone Dec. at ¶ 12(b) and Exs. 1 & 3; Moseley Dec. at ¶ 9 and Ex. 3. |
| 17. There is no reference in Grievance Log No. CCI-15-01573 to any force being used on Plaintiff on February 25, 2015. | Stone Dec. at ¶ 12(b) and Exs. 1 & 3; Moseley Dec. at ¶ 9 and Ex. 3. |
| 18. Neither Defendant Cantu, Mattingly, nor Gutierrez were referenced in Grievance Log No. CCI-15-01573. | Stone Dec. at ¶ 12(b) and Exs. 1 & 3; Moseley Dec. at ¶ 9 and Ex. 3. |

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 19. Plaintiff appealed Grievance Log No. CCI-15-01573 to the Office of Appeals ("OOA") on or about September 8, 2015. The appeal was assigned Log No. 1502925 and was cancelled by the OOA on November 15, 2015 for failing to meet the time constraints set forth in Cal. Code Regs., tit. 15 §§ 3084.1(g) and 3084.8. | Moseley Dec. at ¶ 9 and Ex. 3 |
| 20. Other than Appeal Nos. 1500225 (appeal of Grievance Log No. CCI-15-01041) and 1502925 (appeal of Grievance Log No. CCI-15-01573), Plaintiff did not file any other appeals to the OOA during the year 2015. | Moseley Dec. at ¶ 10 and Ex. 1. |
| 21. Plaintiff did not file any grievances with CCI's appeal office referencing any allegations against Defendants Cantu, Mattingly or Gutierrez or referencing any excessive force used on Plaintiff on February 25, 2015. | Stone Dec. at ¶ 13. |
| 22. Plaintiff did not file any appeals with the OOA referencing any allegations against Defendants Cantu, Mattingly or Gutierrez or referencing any excessive force used on Plaintiff on February 25, 2015. | Moseley Dec. at ¶ 11. |

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 23. Plaintiff was convicted of violating Penal Code § 69 as against Defendant Gutierrez for the incident that occurred on February 25, 2015 which is referenced in Plaintiff's First Amended Complaint. | Defendants' Request for Judicial Notice ("RJN") and Ex. 1 to same. |
| 24. Plaintiff was sentenced to 25 years-to-life for violating Penal Code § 69 on February 25, 2015. | Defendants' Request for Judicial Notice ("RJN") and Ex. 1 to same. |

## IV.   SUMMARY JUDGMENT BASED ON EXHAUSTION

### A.   Legal Standards

#### 1.   Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 993 (2002).

"[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ]—rules that are defined not by the PLRA, but by the prison grievance process itself."  Jones, 549 U.S. at 218 (quoting Woodford v. Ngo, 548 U.S. 81, 88, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006)).  See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison

system's requirements 'define the boundaries of proper exhaustion.'").  An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford, 548 U.S. at 90.  However, the Ninth Circuit has made clear:  A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved.  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  A grievance also need not contain every fact necessary to prove each element of an eventual legal claim. Id.

Moreover, the Ninth Circuit has recognized that a grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress. To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations. Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (citing Jones, 549 U.S. at 218). The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.  Id; see also Jones, 549 U.S. at 219 (citing Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance process is not a summons and complaint that initiates adversarial litigation."); see also Griffin, 557 F.3d at 1120 ("The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.).  Thus, in this case "[t]he California prison system's requirements define the boundaries of proper exhaustion." Marella, 568 F.3d at 1027.

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino v. Baca ("Albino II"), 747 F.3d 1162, 1172-73 (9th Cir. 2014). When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as "effectively unavailable." Sapp, 623 F.3d at 823; see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available);

_Marella_, 568 F.3d 1024 (excusing an inmate's failure to exhaust because he did not have access to the necessary grievance forms to timely file his grievance).

A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. _Butler v. Adams_, 397 F.3d 1181, 1183 (9th Cir. 2005); _Bennett v. King_, 293 F.3d 1096, 1098 (9th Cir. 2002); see also Cal. Code Regs. tit. 15, § 3084.1(b) (explaining that a cancellation or rejection of an inmate's appeal "does not exhaust administrative remedies"). However, a prisoner need not "press on to exhaust further levels of review once he has received all 'available' remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available." _Brown_, 422 F.3d at 936 (citing _Booth_, 532 U.S. at 736–739; see also _Finley v. Skolnik_, 616 Fed. Appx. 263, 264 (9th Cir. 2015) (Reversing dismissal for failure to exhaust). Where prison officials improperly screen out inmate grievances, they render administrative remedies effectively unavailable. See _Sapp_, 623 F.3d at 823. In such a case, "the inmate cannot pursue the necessary sequence of appeals." _Id.;_ see also _Nunez_, 591 F.3d at 1226 (excusing an inmate's failure to exhaust because he was precluded from exhausting administrative remedies by a warden's mistaken instruction to him that a particular unavailable document was needed for him to pursue his inmate appeal).

In submitting an inmate grievance, California regulations required a prisoner to "list all staff members involved" and to "describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). However, the Ninth Circuit has held that "a prisoner exhausts such administrative remedies as are available . . . under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." _Reyes v. Smith_, 810 F.3d 654, 658 (9th Cir. 2016); see also _Franklin v. Foulk_, 2017 WL 784894, at *4-5 (E.D. Cal. Mar. 1, 2017); _Franklin v. Lewis_, 2016 WL 4761081, at *6 (N.D. Cal. Sept. 13, 2016). Thus, a prisoner's failure to list all staff members involved in an incident in his inmate grievance, or to fully describe the involvement of staff members in the incident, will not necessarily preclude his exhaustion of administrative remedies. _Reyes_, 810 F.3d at 958; _Franklin_, 2017 WL 784894, at

*4 ("[T]he court in <u>Reyes</u> found that even though the plaintiff's grievance failed to name two physicians on the prison's three-person pain committee, prison officials were put on notice of the nature of the wrong alleged in the suit—that the plaintiff was wrongfully denied pain medication."); <u>Franklin</u>, 2016 WL 4761081, at *6 ("[T]o the extent Defendants argue that Plaintiff failed to comply with a procedural requirement by not naming Defendants in [his appeal], this deficiency is not necessarily fatal to Plaintiff's claim pursuant to <u>Reyes</u>"); <u>Grigsby v. Munguia</u>, No. 2:14-cv-0789 GAB AC P, 2016 WL 900197, at *11-12 (E.D. Cal. Mar. 9, 2016); <u>see also</u> <u>Bulkin v. Ochoa</u>, 2016 WL 1267265, at *1-2 (E.D. Cal. Mar. 31, 2016).

Nonetheless, for administrative remedies to be exhausted by California prisoners as to defendants who were not identified in the inmate grievance, there must be a "sufficient connection" between the claim in the appeal and the unidentified defendants such that prison officials can be said to have had "notice of the alleged deprivation" and an "opportunity to resolve it." <u>Reyes,</u> 810 F.3d at 959 (finding that plaintiff had satisfied PLRA exhaustion requirements as to two prison doctors despite not having identified them in his inmate appeals because there was a sufficient connection between plaintiff's appeal based on inadequate pain management, and the doctors, who served on the prison committee that had denied plaintiff medication); <u>McClure v. Chen</u>, No. 1:14-cv-00932-DAD-GSA-PC, 2017 WL 1148135, (E.D. Cal. March 28, 2017) (remedies exhausted even though doctors not named in appeal; prison was placed on notice)) .

The PLRA exhaustion requirement creates an affirmative defense, and defendants bear the burden of raising and proving the absence of exhaustion. <u>See</u> <u>Jones</u>, 549 U.S. at 216 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints.") Moreover, a prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. <u>Albino v. Baca ("Albino I")</u>, 697 F.3d 1023, 1031 (9th Cir. 2012).

2.   **<u>California Department of Corrections and Rehabilitation (CDCR) Administrative Grievance System</u>**

The Court takes judicial notice of the fact that the State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or

omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2015). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a) (2015).

At the time of the events giving rise to the present action (in 2015), California prisoners were required to submit appeals within thirty calendar days of the event being appealed, and the process was initiated by submission of the appeal to first level unless the first level is exempted. Id. at § 3084.7(a), 3084.8 (2015). Three levels of appeal were involved, including the first level, second level, and third level. Id. at § 3084.7 (2015). A final decision at the third level of review satisfied the exhaustion requirement under 42 U.S.C. § 1997e(a). Id. at § 3084.7(d); see Lira v. Herrera, 427 F.3d 1164, 1166 (9th Cir. 2005).

In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85 (2006); McKinney, 311 F.3d. at 1199-1201. A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler, 397 F.3d at 1183; Bennett, 293 F.3d at 1098.

### 3.     Motion for Summary Judgment for Failure to Exhaust

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a). Albino II, 747 F.3d at 1168–69 (*en banc*). Following the decision in Albino II, defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[4] or (2) a motion for summary judgment under Rule 56. Id. If the court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without

---

[4] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint." Albino II, 747 F.3d at 1162.

prejudice of the portions of the complaint barred by § 1997e(e).  <u>Jones</u>, 549 U.S. at 223–24; <u>Lira</u>, 427 F.3d at 1175–76.

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); <u>Albino II</u>, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted.")  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  The court may consider other materials in the record not cited to by the parties, but is not required to do so.  Fed. R. Civ. P. 56(c)(3); <u>Carmen v. San Francisco Unified School Dist.</u>, 237 F.3d 1026, 1031 (9th Cir. 2001); <u>accord</u> <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1017 (9th Cir. 2010).  In judging the evidence at the summary judgment stage, the court "must draw all reasonable inferences in the light most favorable to the nonmoving party."  <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011).  The court must liberally construe Plaintiff's filings because he is a pro se prisoner.  <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy."  <u>Albino II</u>, 747 F.3d at 1172.  If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  <u>Id.</u>  The ultimate burden of proof remains with defendants, however.  <u>Id.</u>  "If material facts are disputed, summary judgment
///

should be denied, and the district judge rather than a jury should determine the facts." <u>Id.</u> at 1166.

In arriving at these findings and recommendations, the court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this court did not consider the argument, document, paper, or objection. This court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

**C.     Defendants' Motion for Summary Judgment Based on Exhaustion**

Defendants Cantu, Gutierrez, and Mattingly argue that Plaintiff did not exhaust his available remedies for his excessive force claims against them before filing this lawsuit. Defendants assert that Plaintiff had an administrative remedy available to him at CCI provided by the CDCR as set forth in Cal. Code Regs. tit. 15, § 3084 et seq., and that the grievance process was clearly available to him since he filed a grievance related to another incident that happened on February 25, 2015, the very same date as the force at issue in his First Amended Complaint. (Dec. of J. Stone ("Stone Dec."), ECF No. 47-5 at ¶ 12(a) and Exs. 1 & 2; Dec. of Howard E. Moseley ("Moseley Dec."), ECF No. 47-4 at ¶ 8 and Ex. 2.)  In addition, Plaintiff has filed at least sixteen appeals through the Third Level of Review during his time of incarceration, and was therefore clearly aware of the grievance procedure.  (Moseley Dec. at ¶ 6 and Ex. 1.)

Defendants present evidence that Plaintiff did not file any grievance with CCI, or through the third level of review, that named or referenced Defendants Cantu, Mattingly, or Gutierrez in relation to a use-of-force incident that occurred on February 25, 2015.  (Stone Dec. at ¶ 13.)  Nor did Plaintiff file any appeals with the OOA referencing any allegations against Defendants Cantu, Mattingly or Gutierrez or referencing any excessive force used on Plaintiff on February 25, 2015. (Moseley Dec. at ¶ 11.)

**Defendants' Burden**

The court finds that Defendants Cantu, Gutierrez, and Mattingly have carried their initial burden to prove that there was an available administrative remedy and that Plaintiff did not

exhaust that available remedy. Therefore, the burden shifts to Plaintiff to come forward with evidence showing that he did exhaust the available remedies for his excessive force claims against Defendants Cantu, Gutierrez, and Mattingly, or that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.

### Plaintiff's Opposition

Plaintiff asserts that relative to the allegation that on February 25, 2015, Plaintiff committed aggravated battery on Defendant Cantu by spitting on his face and attempted to strike Defendant Gutierrez with his shoulder, Plaintiff filed three administrative appeals at CCI that department officials refused to respond to.

Plaintiff argues that the grievance process is not available to him because of "disciplinary" corrections denying him due process and equal protection rights for the last ten years of incarceration.

### Discussion

Defendants have presented evidence that Plaintiff never filed a grievance at CCI that addresses the excessive force incident on February 25, 2015 upon which this case proceeds. Defendants' undisputed facts are taken as true since Plaintiff failed to properly address Defendants' statement of undisputed facts. Local Rule 260(b).[5]

The undisputed facts show that an appeals system was available to Plaintiff, but Plaintiff did not use it to exhaust his remedies for his excessive force claims at issue in this case. The Undisputed Facts show as follows:

Plaintiff's original Complaint was filed on February 14, 2019, and the First Amended Complaint, upon which this case proceeds was filed on September 10, 2020. (ECF Nos. 1, 22.) Plaintiff now proceeds against Defendants Cantu,

---

[5] "Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Local Rule 260(b).

Mattingly, and Gutierrez for use of excessive force during an incident that allegedly occurred on February 25, 2015. (ECF Nos. 24, 27.)

At the time of the matters at issue in the Complaint, CDCR had a comprehensive administrative appeals system for prisoners' complaints. (Declaration of J. Stone ("Stone Dec.) at ¶¶ 3- 9; Declaration of H. Moseley ("Moseley Dec.") at ¶ 4; Cal Code Regs., tit. 15, sections 3084.1(a) – 3084.7.) Plaintiff is well-acquainted with the appeals system; he has submitted, and exhausted, at least sixteen (16) appeals through the Third Level of Appeal during the time that he has been incarcerated with CDCR and also submitted a number of appeals through the Third Level that were screened out.  (Moseley Dec. at ¶ 6 and Ex. 1.)

**Grievance Log No. CCI-15-01041**

On or about May 18, 2015, Plaintiff submitted an institutional grievance that was assigned Grievance Log No. CCI-15-01041.  The grievance challenged the guilty finding on a Rules Violation Report ("RVR") Plaintiff received for assaulting Defendant Cantu on February 4, 2015.  (Stone Dec. at ¶ 12(a) and Exs. 1 & 2; Moseley Dec. at ¶ 8 and Ex. 2.)   This grievance did not reference Defendants Gutierrez or Mattingly at all.  (Stone Dec. at ¶ 12(a) and Ex. 2; Moseley Dec. at ¶ 8 and Ex. 2.)   Also, this grievance did not include any allegations that anyone used excessive force on Plaintiff on February 25, 2015, or reference any force incident from February 25, 2015 at all.  (Stone Dec. at ¶ 12(a) and Ex. 2; Moseley Dec. at ¶ 8 and Ex. 2.)

**Grievance Log No. CCI-15-01573**

On July 27, 2015, Plaintiff submitted an institutional grievance at CCI that was assigned Grievance Log No. CCI-15-01573 and included allegations that a Correctional Officer issued a misleading RVR to Plaintiff on April 16, 2015. (Stone Dec. at ¶ 12(b) and Exs. 1 & 3; Moseley Dec. at ¶ 9 and Ex. 3.)  There is no reference in this appeal to any force being used on Plaintiff on February 25,

2015, and neither Defendant Cantu, Mattingly, nor Gutierrez were referenced in this grievance.  (Stone Dec. at ¶ 12(b) and Exs. 1 & 3; Moseley Dec. at ¶ 9 and Ex. 3.)

Other than Appeal Nos. 1500225 (appeal of Grievance Log No. CCI-15-01041) and 1502925 (appeal of Grievance Log No. CCI-15-01573), Plaintiff did not file any other appeals to the Office Of Appeals ("OOA") during the year 2015.  (Moseley Dec. at ¶ 10 and Ex. 1.)  Plaintiff did not file any grievances with CCI's appeal office or the OOA referencing any allegations against Defendants Cantu, Mattingly or Gutierrez or referencing any excessive force used on Plaintiff on February 25, 2015.  (Id.)

The burden then shifted to Plaintiff to come forward with evidence showing that he exhausted the available remedies for his excessive force claims against Defendants Cantu, Gutierrez, and Mattingly, or that there was something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.  Plaintiff has not carried his burden.  Plaintiff offers no evidence disproving any of Defendants' Undisputed Facts, nor does he present evidence proving that he properly exhausted the remedies that were available to him for his excessive force claims against Defendants Cantu, Mattingly, and Gutierrez.

**Conclusion**

The court finds, based on the record before it, that Plaintiff failed to exhaust his available administrative remedies for his excessive force claims against defendants Cantu, Gutierrez, and Mattingly, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Therefore, Defendants' motion for summary judgment based on Plaintiff's failure to exhaust his remedies, filed on September 15, 2021, should be granted, and Plaintiff's excessive force claims against Defendants Cantu, Gutierrez, and Mattingly should be dismissed.

///

///

///

///

**V.      SUMMARY JUDGMENT BASED ON <u>HECK v. HUMPHREY</u>**

     **A.      <u>Legal Standards</u>**

          **1.      <u>Heck Bar</u>**

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  <u>Heck</u>, 512 U.S. at 487-88.  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  <u>Id.</u> at 488.  This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits.  <u>Edwards v. Balisok</u>, 520 U.S. 641, 643–647 1997).

          **2.      <u>Penal Code § 69</u>**

Penal Code § 69 makes it a crime for one "who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or who knowingly resists, by the use of force or violence, the officer, in the performance of his or her duty." "[U]nder California law, it is a 'well-established rule that when a statute makes it a crime to commit any act against a peace officer engaged in the performance of his or her duties, part of the corpus delicti of the offense is that the officer was acting lawfully at the time the offense was committed.'"  <u>Torres v. Rule</u>, 2019 U.S. Dist. LEXIS 197980 (C.D. Cal. Oct. 2, 2019 (citing <u>People v. Cruz</u>, 44 Cal. 4th 636, 673 (2008).)

To be convicted of a violation of Cal. Penal Code § 69, it must be established that the officer was engaged "in the performance of his duty." Cal. Penal Code § 69. This requires that the officer be engaged in the "lawful" performance of his official duties.  <u>Arellano v. Haskins</u>,

No. 117CV01235NONEJLT, 2021 WL 1193814, at *4 (E.D. Cal. Mar. 30, 2021) (citing <u>see</u> <u>People v. Simons</u>, 42 Cal. App. 4th 1100, 1108 (1996)).

**B.**     **Defendants' Request for Judicial Notice – Fed. R. Evid 201**

"The court may judicially notice a fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Facts are indisputable, and thus subject to judicial notice, only if they either 'generally known'. . . or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned[.]" <u>United States v. Ritchie</u>, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)).

Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another court case, but a court may not take judicial notice of findings of facts from another case. <u>See</u> <u>Wyatt</u>, 315 F.3d at 1114 & n. 5; <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001); <u>U.S. v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994). Nor may the court take judicial notice of any matter that is in dispute. <u>Lee</u>, 250 F.3d at 689–90; <u>Lozano v. Ashcroft</u>, 258 F.3d 1160, 1165 (10th Cir. 2001).

The Court may judicially notice the records and filing of other court proceedings. <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007); <u>Bennett v. Medtronic, Inc.</u>, 285 F.3d 801, 802 n.2 (9th Cir. 2002). In particular, we "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir.1992); <u>see also</u> <u>Smith v. Duncan</u>, 297 F.3d 809, 815 (9th Cir. 2002) (taking judicial notice of the "relevant state court documents, because those documents have a direct relationship to [petitioner's habeas] appeal"), abrogation on other grounds recognized by <u>Moreno v. Harrison</u>, 245 Fed.Appx. 606 (9th Cir. 2007).

///

///

Defendants request the court to take judicial notice of state court records from prior actions concerning Plaintiff. (ECF No. 47-2.) Specifically, they request that the Court take judicial notice of the following court records:

1.   Exhibit 1: Felony Amended Information for Kern County Superior Court Case No. MF011761A;

2.   Exhibit 2: Court Minutes for Kern County Superior Court Case No. MF011761A related to sentencing; and

3.   Exhibit 3: Abstract of Judgment for Kern County Superior Court Case No. MF011761A.

Plaintiff has not denied the authenticity of the documents or that he faced criminal charges in state court relevant to the case at hand. Consequently, the court takes judicial notice of the documents submitted by Defendants, which are part of the record from Plaintiff's underlying state court matters.

**C.   Defendants' Motion for Summary Judgment Based on Heck**

Defendants argue that Plaintiff's action and claim for a violation of the Eighth Amendment is barred by the "favorable-termination rule" set forth in the holding of <u>Heck v. Humphrey</u>, 512 U.S. 477, 483-87 (1994) because success in this litigation would imply the invalidity of Plaintiff's conviction for the same incident.

Defendants' Undisputed Facts show that Plaintiff was convicted of violating Penal Code § 69 as against Defendant Gutierrez for the incident that occurred on February 25, 2015 which is referenced in Plaintiff's First Amended Complaint, and Plaintiff was sentenced to 25 years-to-life for violating Penal Code § 69 on February 25, 2015. (Defendants' Request for Judicial Notice ("RJN") and Ex. 1 to same, ECF No. 47-2 at 2:8-16 and 4-15 (Ex. 1)).

Plaintiff alleged in the First Amended Complaint that "for no viable penological reasons" Defendants "abruptly threw" him face first to the ground and beat him with their feet and batons. (ECF No. 22 at 5.) However, Defendants argue that Plaintiff's conviction of Penal Code § 69 establishes that there *was* a valid penological reason for Defendants' actions on February 25, 2015 and that Plaintiff explicitly used force or violence to prevent Defendant Gutierrez from

performing his duties in escorting Plaintiff. Defendants also argue that Plaintiff's conviction establishes that Defendants were acting lawfully at the time the offense was committed, thus Plaintiff cannot sustain the instant civil case which would require an entirely incongruent finding to those underlying Plaintiff's criminal conviction.

**Plaintiff's Opposition**

Plaintiff asserts that relative to the allegation that on February 25, 2015, Plaintiff committed aggravated battery on Defendant Cantu by spitting on his face and attempted to strike Defendant Gutierrez with his shoulder, Plaintiff filed three administrative appeals at CCI that department officials refused to respond to.

**Discussion**

Plaintiff's claim for the use of excessive force implies the arrest was "unlawful" because "it is a public offense for a peace officer to use unreasonable and excessive force in effecting an arrest." People v. Olguin, 119 Cal. App. 3d 39, 45 (1981). Thus, a determination that the defendants used excessive force in the course of the arrest would require a finding that the officers were not engaged in the lawful performance of their duty, and that the conviction under Section 69 is invalid. See Heck, 512 U.S. at 487; see also Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed")[.]

Plaintiff has not challenged Defendants' evidence that he was convicted of violating Penal Code § 69 as against Defendant Gutierrez for the incident that occurred on February 25, 2015, which is referenced in Plaintiff's First Amended Complaint, nor does he dispute that the conviction has not been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus.

Here, Plaintiff's First Amended Complaint serves as an affidavit in opposition to summary judgment because it is based on Plaintiff's firsthand personal knowledge of the events surrounding the excessive force incident, and he states that the facts in the First Amended Complaint are true under penalty of perjury. (See ECF No. 22 at 11.) Thus, Plaintiff's assertion

in the First Amended Complaint that "'for no viable penological reasons,' Defendants W. Gutierrez and Mattingly 'abruptly threw me to the ground face first where defendants Gutierrez, Mattingly, and Cantu . . .then began to beat me with their hands, feet, and batons,'" necessarily implicates the validity of his conviction in state court for violating California Penal Code § 69, and his excessive use of force claim brought in this action is <u>Heck</u> barred.  (ECF No. 22 at 5.)

### Conclusion

Based on the foregoing, the court finds that Defendants' motion for summary judgment pursuant to <u>Heck v. Humphrey</u> should be granted, without prejudice to filing a new petition for writ of habeas corpus.

## V.    RECOMMENDATIONS AND CONCLUSION

For the reasons set forth above, the court finds that Plaintiff failed to exhaust his administrative remedies for his excessive force claims against Defendants Cantu, Gutierrez, and Mattingly before filing this lawsuit, and this case is also barred by <u>Heck v. Humphrey</u>.  Therefore, this case should be dismissed, without prejudice to filing a new petition for writ of habeas corpus.

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.    Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies, and as barred by <u>Heck v. Humphrey</u>, filed on February 14, 2019, be granted, without prejudice to filing a petition for writ of habeas corpus;

2.    All pending motions be denied as moot; and

3.    The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v.</u>

Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **February 9, 2022**                  **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE