UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH, | 1:19-cv-00286-NONE-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR STAY |
| PARRIOT, et al., | (ECF No. 62.) |
| Defendants. | |

## I.     BACKGROUND

Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds with the First Amended Complaint filed on September 10, 2020, against defendants Cantu, W. Gutierrez, and Mattingly ("Defendants") for use of excessive force in violation of the Eighth Amendment.  (ECF No. 22.)

On September 15, 2021, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust remedies and pursuant to Heck v. Humphrey, 512 U.S. 477 (1994.) (ECF No. 47.) On February 10, 2022, the Magistrate Judge entered findings and recommendations, recommending that the motion for summary judgment be granted.  (ECF No.

57.) Plaintiff's objections to the findings and recommendations were due on July 4, 2022, by this Court's order, but Plaintiff has not yet filed objections.  (ECF No. 61.)

On June 29, 2022, Plaintiff filed a motion to stay the resolution of Defendants' pending motion for summary judgment.  (ECF No. 62.)  Defendants have not filed an opposition to Plaintiff's motion to stay, and the time in which to do so has expired.  Therefore, Plaintiff's motion for stay is now before the court.  Local Rule 230(*l*).

## II.     MOTION FOR STAY

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708.  In considering an application for a stay, the Court considers: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  Coleman v. Brown, 960 F.Supp.2d 1057 (E.D.Cal. 2013) (citing Nken v. Holder, 556 U.S. 418, 434, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009); Humane Soc. of U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009).

### Discussion

Plaintiff seeks a stay of Defendants' motion for summary judgment to allow him time to amend his complaint in a related action, Smith v. Secretary, 2:21-cv-00519-WSB-DB, and to consolidate all of his actions pending before the Court.   Based upon the factors referenced above the Court shall deny Plaintiff's motion for a stay.

First, Plaintiff is not likely to succeed on the merits of this case, considering that the Magistrate Judge has entered findings and recommendations to dismiss the case for failure to state a claim.  Second, Plaintiff has not made a showing that he will be irreparably injured absent a stay.  The imposition of a stay in this action does not equate to a resolution of the motion for summary judgment in Plaintiff's favor.  However, delay of resolution of the motion for summary judgment would undoubtedly be prejudicial to Defendants.   Finally, the public interest lies in

expeditious resolution of litigation, favoring the denial of Plaintiff's motion for stay. Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Based on the foregoing, Plaintiff's motion for stay shall be denied.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for stay, filed on June 29, 2022, is denied.

IT IS SO ORDERED.

Dated:   **July 13, 2022**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE