UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>        Plaintiff,<br><br>    vs.<br><br>PARRIOT, et al.,<br><br>        Defendants. | 1:19-cv-00286-JLT-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 66.)** |

**I.    BACKGROUND**

Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds with the First Amended Complaint filed on September 10, 2020, against defendants Cantu, W. Gutierrez, and Mattingly ("Defendants") for use of excessive force in violation of the Eighth Amendment. (ECF No. 22.)

On August 12, 2022, Plaintiff filed a motion for reconsideration of the undersigned's order issued on November 8, 2021, which denied Plaintiff's motion for appointment of independent expert(s). (ECF No. 66.)

**II.      MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff objects to the court's decision (ECF No. 51) to deny him a court-appointed private investigator/paralegal, or expert witness to assist him with this case. Plaintiff does not present the Court with any newly-discovered evidence, or show that the Court committed clear

error in its ruling. Nor does he point to any intervening change in controlling law or set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Accordingly, Plaintiff fails to show any reason the Court should reconsider its prior order, thus the Court will deny his motion for reconsideration.[1]

## IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on August 12, 2022, is DENIED.

IT IS SO ORDERED.

Dated:   **August 15, 2022**                    **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion for reconsideration is 219 pages long, including exhibits, and raises issues unrelated to his motion for reconsideration. (ECF No. 66.) The Court will not consider Plaintiff's unrelated issues in this order.