UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PARRIOT, et al.,<br><br>　　　　Defendants. | 1:19-cv-00286-JLT-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR ADDITIONAL FACT FINDINGS BE DENIED**<br><br>**(ECF No. 71.)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

**I.　BACKGROUND**

Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 2, 2022, the Court granted defendants' motion for summary judgment on the grounds that Plaintiff failed to exhaust remedies and as barred by Heck v. Humphrey, 512 U.S. 477 (1994). (ECF No. 69.) Judgment was entered on September 2, 2022. (ECF No. 70.)

On September 23, 2022, Plaintiff filed a motion titled "Motion for Additional Fact Findings Per Rule 59 Fed. R. Civ. P." (ECF No. 71.) The motion is unopposed.

## II. LEGAL STANDARDS

### A. Rule 60(b)

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made "within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c)(1); see Hogan v. Robinson, 2009 WL 1085478, at *4 (E.D. Cal. Apr. 22, 2009 (Rule 60(b)(6) motion "filed over 18 months after judgment was entered, and over two years after Plaintiffs were put on notice of the facts and circumstances upon which they rely[ ]" was untimely); Swait v. Evans, 2008 WL 4330291, at *5– 6 (C.D. Cal. Sept. 22, 2008) (Rule 60(b) motions untimely where petitioner "failed to proffer any legally valid explanation for his two-year delay" in filing).

### B. Rule 59(e) – Motion to Alter or Amend a Judgment

A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The purpose of Rule 59(e) is not to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the

judgment." (McCullock v. Scharr, No. 19-CV-2110-DMS) 2022 U.S.Dist.LEXIS 21905, at *7 (S.D.Cal. Feb. 5, 2022) (quoting Kilgore v. Colvin, No. 2:12-cv-1792-CKD, 2013 U.S.Dist.LEXIS 144098, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013)).

### III.   PLAINTIFF'S MOTION

Plaintiff requests the Court to make additional fact findings pursuant to the provisions of Rule 59 of the Federal Rules of Civil procedure.  He seeks a court order ascertaining whether the *de novo* review of this case by the District Judge when the case was dismissed included review of the following with respect to Plaintiff's underlying objections to defendants' assertions that Plaintiff failed to exhaust remedies and that the case is barred by Heck.

1) Compulsion order (ECF No. 42);

2) Reply in regard to defendants' opposition to motion to amend (ECF No. 40);

3) Stay of proceedings (ECF No. 48);

4) Stay of proceedings (ECF No. 62); and

5) Motion for reconsideration (ECF No. 66).

Plaintiff seeks clarification of such facts in order to ascertain if appeal in this matter is warranted for an abuse of discretion and/or clear error.

### **Discussion**

Where the Court's ruling has resulted in a final judgment or order, as here, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment), or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. Faison v. Branstad, No. 22-CV-1063-MMA (MSB), 2022 WL 4490168, at *2 (S.D. Cal. Sept. 26, 2022) (citing see Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of judgment, as Plaintiff's motion here has been; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order.  Id. (citing see Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001)).

///

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. Id. (citing Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011), citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (*en banc*) (*per curiam*). Nevertheless, a motion under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." Id. at 1255. Further, "[a] motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), quoting Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co., 634 F.3d at 1111. However, because "the rule offers an extraordinary remedy, [it should] be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc., 229 F.3d at 890 (internal quotation marks omitted).

Plaintiff fails to meet any of the requirements for granting a motion under Rule 59(e) or Rule 60(b). Mere dissatisfaction with the court's order, or belief that the court may be wrong in its decision are not grounds for relief under either of these rules. Plaintiff has not shown "mistake, inadvertence, surprise, or excusable neglect." He has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Plaintiff has not presented any reason justifying relief from judgment.

Plaintiff's speculation about the nature of the *de novo* review taken by the Judge in adopting the court's findings and recommendations is not grounds to reopen the case or conduct further proceedings. Accordingly, the undersigned shall recommend that Plaintiff's motion for

further proceedings under Rules 59 or 60(b), filed on September 23, 2022, be denied.

## IV.     CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for relief under Rule 59 or Rule 60(b), filed on September 23, 2022, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **October 22, 2022**                        **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE