**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PARRIOT, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-0286 JLT GSA (PC)<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO REOPEN THE CASE AND CONDUCT ADDITIONAL FACT FINDINGS<br><br>(Docs. 71, 72) |

　　　　Lawrence Christopher Smith is a state prisoner, who proceeded *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 2, 2022, the Court determined Plaintiff failed to exhaust his administrative remedies and the action was barred by *Heck v. Humphrey*. (Doc. 69.) The Court adopted the Findings and Recommendations, granted the defendants' motion for summary judgment without prejudice to Plaintiff filing a petition for writ of habeas corpus, and directed the clerk to entry judgment in favor of the defendants. (*See id.*)

　　　　Following the entry of judgment, Plaintiff filed a "motion for additional fact findings per Rule 59" of the Federal Rules of Civil Procedure. (Doc. 71 at 1.) Plaintiff observes that the Court indicated it performed a "de novo review of the case" but asserts that "it was not stipulated as to if such a review consisted of solely ruling on the merits of captioned motions and the contents therein such as" the following documents:

.　　　　a.　Compulsion order (ECF No. 42)
　　　　　　b.　Reply in regard to defendants' opposition to motion to amend (ECF No. 40)

1

    c. Stay of proceedings (ECF No. 48)
    d. Stay of proceedings (ECF No. 62)
    e. Motion for reconsideration (ECF No. 66)

(*See* Doc. 71 at 2.) Plaintiff asserts his pleadings "should have been liberally construed as objections to the defendants (sic) assertions of failure to exhaust administrative remedies and an *Heck* bar on a hypertechnical point. . ." (*Id.*) Therefore, Plaintiff seeks "clarification of such facts in order to ascertain if an appeal on this matter is warranted for an abuse of discretion and/or clear error." (*Id.*)

  The assigned magistrate judge observed: "Where the Court's ruling has resulted in a final judgment or order, as here, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment), or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure." (Doc. 72 at 3, citing, *e.g.*, *Faison v. Branstad*, 2022 WL 4490168, at *2 (S.D. Cal. Sept. 26, 2022).) The magistrate judge found "Plaintiff fails to meet any of the requirements for granting a motion under Rule 59(e) or Rule 60(b)." (*Id.* at 3.) Therefore, the magistrate judge recommended Plaintiff's motion be denied. (*Id.* at 5.)

  Plaintiff filed objections to the Findings and Recommendations. (Doc. 73.) Plaintiff maintains his questioning of the "competency of the ruling" was proper because he does not believe that the Court considered the statements he offered under penalty of perjury "in motions and pleadings" in reviewing the merits of summary judgment. (*Id.*)

  Significantly, as the Court previously informed Plaintiff, it conducted a *de novo* review of the entire matter prior to adopting the findings of the magistrate judge that Plaintiff failed to exhaust his administrative remedies and the action is barred by *Heck*. (*See* Doc. 69 at 2.) Plaintiff identifies no evidence that he exhausted his administrative remedies, either in the documents identified above or in his objections to the Findings and Recommendations. Furthermore, as the Court previously observed, his challenge to the use of force in the alleged underlying incident is barred by *Heck*: "Plaintiff has not challenged Defendants' evidence that he was convicted of violating Penal Code § 69 as against Defendant Gutierrez for the incident that occurred on February 25, 2015, which is referenced in Plaintiff's First Amended Complaint, nor does he dispute that the conviction has not been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus." (*Id.* at 24-25.) Plaintiff does not dispute this determination or offer any evidence that contradicts the

findings.

Again, the Court has conducted a *de novo* review of the action, in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304.  The Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Plaintiff fails to show further factual findings—or relief from judgement—are appropriate in this action.  Neither his disagreement with the Court's order nor his speculation regarding the extent of the Court's are grounds for relief under Rule 59 and Rule 60.  Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on October 24, 2022 (Doc. 72) are **ADOPTED** in full.
2. Plaintiff's motion to reopen this case and conduct additional fact findings (Doc. 71) is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 18, 2022**

UNITED STATES DISTRICT JUDGE